In the Matter of the Application of EUREKA PRODUCTIONS, INC., Petitioner, for an Order of Certiorari against JAMES BYRNE and Others, Constituting the Regents of the University of the State of New York, and FRANK P. GRAVES, Commissioner of Education, Defendants.

Third Department, October 27, 1937.

*Henry Pearlman,* for the petitioner

*Ernest E. Cole [Charles A. Brind, Jr.,* of counsel], for the defendants.

RHODES, J. The petitioner made application for the licensing of a motion picture entitled, " Ecstasy," and pursuant thereto the reviewers of the Motion Picture Division and the director of the division in the Board of Regents reviewed the picture and after hearing the arguments in behalf of petitioner in favor of the licensing and upon the unanimous recommendation of the reviewers of the division the director of the division issued an order dated March 17, 1936, rejecting the same as being " indecent," " immoral " and that it " would tend to corrupt morals " within the meaning of section 1082 of the Education Law, and denied the application for a license to exhibit the picture within the State of New York.

Thereafter an appeal was taken in behalf of petitioner to the Commissioner of Education from the action of the director of the Motion Picture Division, the director served and filed an answer to such appeal, and after viewing the picture and hearing arguments in behalf of petitioner and in behalf of the director of the Motion Picture Division, the Commissioner of Education made his decision denying the application for the licensing of the picture and dismissing the appeal. His decision contained an express finding that the picture is " indecent," " immoral," and " will tend to corrupt morals," within the meaning of section 1082 of the Education Law.

The petitioner then commenced this proceeding for review by certiorari.

Before discussing the picture it is pertinent to consider the argument of counsel for petitioner that the refusal of the State of New York to grant a license herein constituted an unlawful interference with foreign commerce. This argument is based upon the fact that the film was imported from Czechoslovakia; that the United States Customs officials reviewed the picture pursuant to authorization of the Federal statutes and permitted its entry into the United States on or about the 6th day of December, 1935; that this review as to whether the picture was obscene was pursuant to section 305 of the Tariff Act of 1930 (U. S. Code, tit. 19, § 1305).

The argument of petitioner is that the Federal authorities acting under Federal statutes, having decided that the picture is not obscene, the State has no authority to interfere with the showing of the picture, it having been imported into this country as an article of foreign commerce.

It appears, however, that petitioner heretofore brought an action for injunction against the Governor, the Attorney-General, the Commissioner of Education and the director of the Motion Picture Division of the Education Department of this State for the purpose of restraining the defendants from interfering with the exhibition of the motion picture. The action was brought in the United States District Court for the Southern District of New York, and the constitutional questions now raised were presented to a statutory court consisting of Hon. MARTIN T. MANTON, Circuit Judge, Hon. ROBERT P. PATTERSON and Hon. SAMUEL MANDELBAUM, District Judges, which court, on December 14, 1936, rendered a decision denying the motion for injunction, the opinion of the court being to the effect that the action of the State authorities in refusing permission to exhibit the picture was a valid exercise of the police power of the State. (*Eureka Productions, Inc.,* v. *Lehman,* 17 Fed. Supp. 259. See, also, *Mutual Film Corp.* v. *Ohio Industrial Comm.,* 236 U. S. 230.)

The petitioner argues that the proper test is not whether certain scenes taken from their context and judged by themselves alone may be offensive, but that the proper test is whether the dominant effect of the picture as a whole is obscene.

By article 43 of the Education Law the Legislature has provided for the censorship, regulation and licensing of films and by section 1082 thereof the director of the division is required to issue a license for a film submitted for review unless such film *or a part thereof* is obscene, indecent, immoral, inhuman, sacrilegious or is of such a character that its exhibition would tend to corrupt morals or incite to crime. It will thus be observed that by the statute license is to be refused if a part of the film is objectionable.

The picture unduly emphasizes the carnal side of the sex relationship, and the Regents of the University of the State, and the Commissioner of Education, having made a decision which we feel is amply supported by the facts, it should be confirmed.

The determination should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.