In the Matter of the Application of ARTHUR MAYER and JOSEPH BURSTYN, Petitioners, for a Certiorari Order against JAMES BYRNE and Others, Constituting the Regents of the University of the State of New York, FRANK P. GRAVES, Commissioner of Education, and HARLAN H. HORNER, Assistant Commissioner for Higher Education of the State of New York, and IRWIN ESMOND, Director of the Motion Picture Division of the Education Department of the State of New York, Respondents.

Third Department, March 8, 1939.

*Hays, St. John, Abramson & Schulman* [*Arthur Garfield Hays* and *Oscar Stabiner* of counsel], for the petitioners.

*Ernest E. Cole* [*Charles A. Brind, Jr.,* of counsel], for the respondents.

BLISS, J. Review of a determination of a committee of the Regents of the University of the State of New York affirming a rejection of a license for the motion picture " Remous " (" Whirlpool ") (second revised edition) by the Director of the Motion Picture Division of the Department of Education and disapproving the application for such license.

The committee found the picture indecent and immoral and that it would tend to corrupt morals. The petitioners say that the picture portrays the effect on the lives of a young married couple of an accident which cripples the husband and shows the drift of the young wife to the society of normal and physically fit persons, her attraction to an athletic young man, her resistance, the

incidents for which she was not responsible which brought about a clandestine affair, her realization of the wrongfulness of the situation and finally the determination of the wife to revere and respect the memory of the man who sacrificed his life in the thought that this would further the happiness of the wife he loved.

The Motion Picture Director says of the story, " Impotency of the husband and its effect upon the sex life of the wife, resulting in her adultery and the husband's suicide is not regarded as a decent theme for screen portrayal. In this picture the wife apparently accepted the young athlete for no other reason than to satisfy her sex urge. She says that she loved no one but her husband. Her action was immoral and would tend to corrupt morals. Sex, the urge for sexual intercourse and the results that followed the breaking off of intercourse when the man became impotent form the basis of the picture."

Thus the opposing parties interpret the picture and the theme it conveys. The court has viewed the picture. Beyond question it is open to the construction placed upon it by the Director of the Motion Picture Division. The plot is practically the same as that of the picture " Ecstasy." A license for " Ecstasy " was denied by the licensing authorities and their determination was sustained on appeal. (*Matter of Eureka Productions, Inc.*, v. *Byrne*, 252 App. Div. 355; motion for leave to appeal to the Court of Appeals denied by that court, 276 N. Y. 688.) The finding that " Remous " is immoral and would tend to corrupt morals is not arbitrary and the determination should be confirmed, with fifty dollars costs and disbursements.

McNAMEE, J., concurs.

HILL, P. J. I concur in the result.

The film, as revised and approved by the Department of Education, presents the usual dramatic and literary concept of the human triangle, attended by deep contrition, reformation and despondent isolation by the young woman when, through her husband's suicide, she came to appreciate his loyalty and the depth of the wound caused by her act. The deletion leaves whatever there is of voluptuousness intact, but obscures the author's theory of the causes for the wife's infidelity — the husband's inability, through injuries received in an automobile accident, to engage with her in sports, dancing and the social activities ordinarily enjoyed by those of their ages, also, but not prominently or offensively, his impotency.

The Moving Picture Division of the Department of Education may ban as immoral a film dealing with social sex problems, human biology or the procreative function even when not obscene or indecent. (*Matter of Foy Productions, Ltd.*, v. *Graves*, 253 App.

Div. 475; affd., 278 N. Y. 498.) While it might seem to some that the Board has retained all that was sordid in the original, and only rejected the author's logical theory of causation, yet as the Moving Picture Division of the Department of Education " has been entrusted by the Legislature to deal with these specialties and as long as they act in accordance with the due administration of law by affording a hearing, taking evidence and giving their judgment * * * we [the Court of Appeals] cannot, nor must the Appellate Division, interfere with their conclusion." (*Niagara Falls Power Co.* v. *Water Power & Control Commission*, 267 N. Y. 265, 278. Cf. Civ. Prac. Act, § 1304 [old], subd. 5; now Civ. Prac. Act, § 1296, subd. 7.)

HEFFERNAN, J., concurs.

RHODES, J., dissents, on the ground that the picture is unobjectionable measured by the standard of the Board of Regents by which it judged such picture. The Board has signified its approval of the film with certain scenes exscinded; these deleted scenes are so trivial that there is no substantial difference between the original and the expurgated films. If one is acceptable the other is equally proper. I, therefore, vote to annul the determination.

Determination confirmed, with fifty dollars costs and disbursements.